## GLIDDEN v. UNION PAC. RY. Co.

### (*Circuit Court, D. Nebraska.* May 6, 1887.)

1. PUBLIC LANDS—LAND GRANT—RAILROADS—PRE-EMPTION.
    A portion of an odd section within the limits of the Union Pacific Railway land grant, settled and entered under the pre-emption laws of the United States at the time of the filing of the map showing the definite location of the road, is not within the land grant of the road; following *Kansas Pac. R. Co.* v. *Dunmeyer*, 113 U. S. 629, 5 Sup. Ct. Rep. 566.
2. SAME—PRE-EMPTION ENTRY—CANCELLATION—CONCLUSIVENESS.
    Complainant entered a tract of land under the pre-emption laws of the United States, May 14, 1864, paying for it with a land-warrant, and received a receiver's receipt for it. December 12, 1868, the commissioner of the general land-office canceled this location and entry. Complainant having no notice in advance that such cancellation would be made, and not knowing of it till the following summer, never appealed from the order of cancellation. *Held,* that the decision of the commissioner was not conclusive against complainant, through his failure to appeal, since section 2273, Rev. St. U. S., which provides for appeals from the decision of the commissioner, applies in terms only to contests between settlers, since complainant, in regard to the decision of the commissioner, was entitled to a day in court, which he had not had, and since the decisions of the land department are conclusive of questions of fact only, and not of questions of law.

*W. H. Munger* and *J. M. Woolworth,* for complainant.
*A. J. Poppleton,* for defendant.

BREWER, J.    The defendant holds the legal title to the E. ½ of the N. E. ¼ of section 31, township 18, range 10, in Washington county, having received a patent therefor on March 26, 1875.    The complainant claims to be the equitable owner, and brings this bill praying for a decree, adjudging that the defendant holds this legal title in trust, and ordering a conveyance of such title to himself.

The facts are these:    On December 16, 1863, defendant filed in the department of the interior a certified map, showing the general route of its line of road for the first hundred miles west of the Missouri river, and on the twenty-fourth day of October, 1864, filed its map showing the definite location of such road.    The land in controversy is within the limits of the land grant of defendant, and was patented to it as a part of its grant under the acts of July 1, 1862, and July 2, 1864.    Prior to the filing of the map of the general route, as above stated, and on the first

of July, 1862, a pre-emption declaratory statement was filed in the United States land-office, alleging settlement on the same day upon the north 40 acres of this tract. On April 1, 1863, the same 40 acres was embraced in a homestead entry, which was canceled March 22, 1864. On February 9, 1864, a further pre-emption declaratory statement was filed, including the same 40 acres. On February 28, 1863, the south 40 acres was included in a pre-emption declaratory statement then filed in the land-office, and alleging settlement on the same day. On the fourteenth day of May, 1864, complainant entered the entire tract, paying for it with a land-warrant, and receiving the receiver's receipt therefor. On the twelfth of December, 1868, the commissioner of the general land-office canceled this location and entry. The complainant had no notice in advance that such cancellation would be made,—in fact, did not know that it had been made until the following summer,—and never appealed from the order of cancellation.

From these facts it appears that the land was subject to a homestead claim and pre-emption entry at the time of the filing of the map of the general route, which claims had ripened into a final entry and payment prior to the filing of the map of the definite location.

The case of *Kansas Pac. Ry. Co.* v. *Dunmeyer*, 113 U. S. 629, 5 Sup. Sup. Ct. Rep. 566, is decisive of the fact that this tract was not within the land grant to the defendant, and was therefore erroneously patented to it. Counsel for defendant does not seriously controvert this, but insists that complainant has no equity which enables him to challenge defendant's legal title, and for two reasons:

*First.* The order of the commissioner, canceling his (complainant's) entry was an adjudication from which no appeal was taken, and is therefore conclusive against complainant's rights. Two satisfactory answers exist to this claim: (1) The act of congress providing appeals from the decision of the commissioner of the general land-office applies in terms only to contests between settlers for the right of pre-emption. Rev. St. § 2273. (2) It is elemental that, to make a decision binding upon a party, he must have his day in court. This order of cancellation was made without notice to complainant, and was unknown to him until months thereafter; and it would be novel to hold a party bound by a decision of which he had no knowledge, and in a proceeding of which he had no notice, actual or constructive. Further, the decision of the land department is conclusive only upon questions of facts, and does not finally determine the law. *Johnson* v. *Towsley*, 13 Wall. 72; *Shepley* v. *Cowan*, 91 U. S. 330; *Moore* v. *Robbins*, 96 U. S. 530; *Marquez* v. *Frisbie*, 101 U. S. 476. In this case the facts were undisputed, and the only question is as to the proper application of the law to the facts, and that is a question which the courts uniformly insist upon the right to determine.

*Secondly,* it is insisted that, at the time of the final entry by complainant, the land had been withdrawn from private sale, and therefore under section 5, p. 702, 10 U. S. St. at Large, could not be paid for by a land-warrant. I do not so understand the law. Obviously this land

was entered under the pre-emption law, and the payment was made under that act to perfect the title acquired by pre-emption entry. Rev. St. § 2277, in terms authorizes the receipt of land-warrants in such payment, and the provision of 10 U. S. St. at Large, *supra*, obviously refers to private entries, as contradistinguished from pre-emption entries.

I think, therefore, that complainant's equitable title was perfect, and that he is entitled to a decreé as prayed for.